```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION


JASON R. JORDAN,

        Petitioner,
                                          Civil Action 2:16-cv-0091
   vs.                                    Chief Judge Sargus
                                          Magistrate Judge King

WARDEN, FRANKLIN MEDICAL CENTER,

        Respondent.
```

### REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is now before the Court on the *Petition* (ECF No. 1), and on Respondent's *Motion to Dismiss for Lack of Exhaustion* (ECF No. 9)("*Motion to Dismiss*"). Although Petitioner was granted an opportunity to respond to the *Motion to Dismiss, see Order* (ECF No. 10); *Order* (ECF No. 12), the *Motion to Dismiss* is unopposed. For the following reasons, the Court recommends that the *Motion to Dismiss* be granted.

Before a federal habeas court may grant habeas corpus relief under 28 U.S.C. § 2254, a state prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(d)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir. 1993). If the petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b), (c). Moreover, a constitutional claim for relief

1

must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Ordinarily, a habeas corpus case that presents even one unexhausted claim must be dismissed, *Rose v. Lundy*, 455 U.S. 509 (1982), and a dismissal for failure to exhaust is without prejudice to the institution of a new action once all claims have been exhausted. However, recognizing that the statute of limitations may preclude that new filing, the United States Supreme Court has held that a federal court may, under some circumstances, stay an action presenting both exhausted and unexhausted claims pending exhaustion of all claims. *Rhines v. Weber*, 544 U.S. 269 (2005); *see also Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002).

The state court of appeals summarized the facts underlying Petitioner's criminal case as follows:

> {¶ 2} On June 25, 2013, the state indicted defendant on one count of robbery, a felony of the second degree, and one count of robbery, a felony of the third degree. The events giving rise to the indictment occurred on June 10, 2013.
>
> {¶ 3} On June 10, 2013, Zachary West was working as a mail carrier for the United States Postal Service. He wore his mail carrier's uniform and carried his mail bag on his shoulder. At around noon that day, West was delivering mail to homes and businesses located around the 2600 block of North High Street, in the Clintonville area of Columbus, Ohio. West was walking on foot delivering mail and had almost completed his route. Before returning to his vehicle, he had to "go down a back alley towards another back alley to do a business drop in their back of the business." (Tr. 73.) It was a rainy day and there were few people outdoors.
>
> {¶ 4} As West turned the corner to go from one alley to the next, defendant confronted him. West stated that defendant initially was four or five feet away from him, but that defendant

2

then approached West, coming close enough to West that the men were "face to face." (Tr. 75.) Defendant reached for West's mail bag, "grabbed the bag, and said, 'Give me the bag.'" (Tr. 75.) West told defendant "'No,'" and defendant then struck West in the face and ran off. (Tr. 75.)

{¶ 5} After the altercation, West went back to his vehicle and called his manager to report the incident. West's manager said that he would call the police, and told West that the olice would meet West at his vehicle. When the police arrived, West spoke to Detective Kim Atwood of the Columbus Police Department. Detective Atwood noted that when she encountered West he had "a small laceration below his right eye" and his "cheek was a little puffy," injuries which West attributed to defendant striking him. (Tr. 39.) West provided Detective Atwood with a description of the individual who struck him. West described the suspect as a short, black male, in his mid to late thirties, with an unruly Afro and a long goatee. Detective Atwood placed West's description of the suspect into her report, and provided the description to other uniformed officers in the area.

{¶ 6} When Officer Daniel Brown began his shift later that day, he saw Detective Atwood's description of the robbery suspect. Officer Brown explained that defendant came to his mind as a potential suspect, as Officer Brown had come into contact with defendant on other occasions, and knew that defendant's features matched Detective Atwood's description of the suspect. Accordingly, the police compiled a photo array which included defendant's photograph, and a blind administrator who was unfamiliar with the case presented the photo array to West the following day. The blind administrator told West that if he saw the person who had assaulted him in the photo array to circle that person's photo, but emphasized that West "did not have to circle anybody" if he was uncertain. (Tr. 87.) West selected defendant's photo from the array. West testified at trial that, as a result of this incident, he resigned from the post office because he "felt [he] was unsafe" at his job. (Tr. 91.)

{¶ 7} The jury heard the above noted evidence, and found defendant guilty on both counts of robbery charged in the indictment. At the sentencing hearing, the court determined that the third degree felony robbery count merged into the second degree felony robbery count, and sentenced defendant to a four-year term of imprisonment on the second degree felony robbery conviction.

3

*Ohio v. Jordan*, No. 14AP-01 (Ohio Ct. App. 10th Dist. July 22, 2014), *Decision*, Exhibit 6 attached to *Motion to Dismiss*, PAGEID# 93-94.

Petitioner, assisted by different counsel, filed a timely appeal from the December 4, 2013, judgment of conviction, raising the following assignments of error:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF ROBBERY AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> II. APPELLANT WAS DENIED OF [sic] HIS RIGHT TO BE PRESENT AND TO THE PRESENCE AND ASSISTANCE OF HIS COUNSEL DURING A CRITICAL STAGE OF HIS JURY TRIAL, AND HIS RIGHT TO DUE PROCESS AND A FUNDAMENTALLY FAIR JURY TRIAL, AS REQUIRED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS FIVE, TEN AND SIXTEEN OF THE OHIO CONSTITUTION AND OHIO RULE OF CRIMINAL PROCEDURE 43(A).

*Brief of Appellant*, Exhibit 4 attached to *Motion to Dismiss*, PAGEID# 57. The state court of appeals affirmed the judgment of the trial court on July 22, 2014. *Ohio v. Jordan*, No. 14AP-01 (Ohio Ct. App. 10th Dist. July 22, 2014). Petitioner, acting *pro se*, filed a timely notice of appeal from that decision to the Ohio Supreme Court on September 4, 2014. *Notice of Appeal of Appellant Jason R. Jordan*, Exhibit 7 attached to *Motion to Dismiss,* PAGEID# 100-02. Petitioner raised the following issues for consideration:

> I. The trial court erred, and deprived appellant of due process of law as guaranteed by the fourteenth amendment to the United States Constitution, and article one section [sic] of the Ohio Constitution by finding him (me) guilty of robbery as that verdict was

4

        not supported by sufficient evidence and was also
        against the manifest weight of the evidence.

  II.  Appellant was denied of [sic] his right to be present
      and to the presence and assistance of his counsel
      during a critical stage of his jury trial . . . and
      his right to due process, and a fundamentally fair
      jury trial as required by the Fifth, Sixth, and
      Fourteenth amendments to the United States
      Constitution, and ariticle [sic] one, Section five,
      ten, and sixteen of the Ohio Constitution, and Ohio
      rule of Criminal procedure 43(A).

*Memorandum in Support of Jurisdiction of Appellant Jason R. Jordan* attached as Exhibit 8 to *Motion to Dismiss*, PAGEID# 108. On January 28, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). *State of Ohio v. Jordan*, Case No. 2014-1543 (Ohio Jan. 28, 2015), *Entry* attached as Exhibit 10 to *Motion to Dismiss*, PAGEID# 125.

    On May 13, 2014, and while his direct appeal was still pending, Petitioner, acting *pro se*, filed in the trial court a petition to vacate or set aside the judgment of conviction pursuant to O.R.C. § 2953.21, alleging the following:

    Attorney did not do her job. The trial attorney did not
    object to anything, nor ask about DNA, camera surveillance;
    did not question postal supervisor.

    No witnesses. Why didn't the FCPD check traffic light
    cameras, ATMs, stores, restaurants, parking lot
    surveillance, any footage in that area that time of day. It
    is their job to find out the truth (Due Process violation).

*Petition to Vacate or Set Aside Judgment of Conviction or Sentence*, attached as Exhibit 11 to *Motion to Dismiss,* PAGEID# 127-28. Petitioner's motion for post-conviction relief remains pending in the

5

state trial court. *See Docket* attached as Exhibit 13 to *Motion to Dismiss*.

The *Petition* alleges the following grounds for habeas corpus relief:

> **GROUND ONE**: Sufficiency and manifest weight (no evidence).
>
> **Supporting Facts**: Inconsistencies in the description of the accused (me) before and during trial; no DNA test taken off the postal bag for positive ID; no skin graph done to laceration on victim; no witnesses; no one saw or heard anything; no one knocked on doors; checked cameras on traffic lights, ATM machines, stores, restaurants, business parking lot surveillance which are shown in Exhibits P-3 and P-4 that the Columbus, Ohio division of police robbery squad did not investigate.
>
> **GROUND TWO**: Right to be present at all stages of the proceedings between trial judge and jury.
>
> **Supporting Facts**: Counsel and the trial court agreed to answer questions without objection from either side, which I was not present; the trial court provided the jury with instructions or substantive information without my presence and prejudice should be presumed, and a new trial should be ordered. I was denied my right to due process.
>
> **GROUND THREE**: Ineffective counsel.
>
> **Supporting Facts**: The jury sent 3 questions to the trial court and the counsel and trial court discussed and agreed to answer each question without objection from either side. My court appointed attorney did not ask about DNA on postal bag. Why didn't Franklin County Police Department robbery squad check traffic light camera, ATMs, stores, restaurants, parking lot surveillance from surrounding businesses as shown on Exhibits P-3, P-4, to do their job and find any footage in the area that would have proved my innocence.

*Petition*.

Although the first two claims presented in the *Petition* were presented to the Ohio Supreme Court, and are therefore exhausted,

Petitioner's third claim, which is the subject of Petitioner's post-conviction action that remains pending in the trial court, is unexhausted.  The *Petition* is therefore a "mixed" petition.

Respondent asks either that the *Petition* be dismissed or, in the alternative, that the case be stayed pending exhaustion of Petitioner's third claim. *Motion to Dismiss*. This Court concludes that the action should be dismissed, without prejudice to the filing of a new action upon complete exhaustion of Petitioner's third claim.

As noted *supra*, a "mixed" petition, such as the *Petition* filed in this case, must ordinarily be dismissed without prejudice to re-filing upon exhaustion of all asserted claims. *See Rose v. Lundy*, 455 U.S. 509. It is only when the statute of limitations may foreclose the re-filed action that a stay of proceedings may be warranted. *Rhines,* 544 U.S. 269. Dismissal of this action pending exhaustion of Petitioner's third claim will not present a statute of limitations problem.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d)(1). However, the clock does not run during the time that a properly filed post-conviction petition pends in the state courts. 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner's post-conviction action, which remains pending in the state trial court, was filed during the pendency of Petitioner's direct appeal and Respondent concedes that that action was timely and properly filed. *Motion to Dismiss*, PAGEID# 42. *See* O.R.C. § 2953.21(A)(2).[1] Thus, the statute of limitations established by 28 U.S.C. § 2244(d)(1) will not begin to run until Petitioner's post-conviction action, and any appeal therefrom, has been resolved.[2] It is at that point that Petitioner's third claim will be exhausted and Petitioner may properly file a new habeas corpus action in this Court. Under these circumstances, the Court concludes that dismissal of the action, without prejudice, is appropriate.

It is therefore **RECOMMENDED** that Respondent's *Motion to Dismiss for Lack of Exhaustion* (ECF No. 9) be **GRANTED** and that this action be dismissed, without prejudice, for failure to exhaust all claims asserted in the *Petition*.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

---

[1] O.R.C. § 2953.21(A)(2) was amended effective March 23, 2015 to provide that a post-conviction petition, to be timely, must "be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. . . ." Prior to that time, a post-conviction action was timely if filed within 180 days from the date that the criminal trial transcript was filed in connection with the direct appeal. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

[2] Petitioner remains free, of course, to inquire of the state trial court as to the status of his post-conviction petition.

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                   *s/ Norah McCann King*
                                   Norah M$^c$Cann King
                                   United States Magistrate Judge

September 8, 2016